IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANGELA M. HENSON,

            Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

            Defendant.

Case No. 16-CV-09-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Angela M. Henson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's August 22, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") B.D. Crutchfield was held October 15, 2014. By decision dated December 16, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 13, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 33 years old on the alleged date of onset of disability and 36 on the date of the ALJ's denial decision. She has a sixth grade education and formerly worked as a nurses aide, car-hop, and machine operator. She claims to have been unable to work since May 17, 2012 as a result of valvular heart disease, anxiety, back and tail bone pain, depression, and restroom problems due to side effects of medication.

## The ALJ's Decision

The ALJ determined that Plaintiff has a severe impairment of valvular heart disease, but that her other alleged impairments were nonsevere in that singularly or in combination they do not result in any significant limitation in Plaintiff's ability to do basic work activities. [R. 78-80]. The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work with the additional limitation that she requires the option to alternate sitting and standing every thirty minutes. [R. 80]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined

that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 85-86]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to determine her RFC in accordance with controlling law, that the RFC is not supported by substantial evidence, the ALJ failed to perform a proper credibility analysis, and that the Appeals Council improperly rejected evidence dated after the ALJ's denial decision.

## Analysis

### RFC Determination

#### Consideration of Non-Severe Impairments

There is no merit to Plaintiff's allegation that the ALJ failed to explain why she found some of Plaintiff's impairments to be non-severe. Throughout the ALJ's decision she points out the lack of objective findings to support the existence of functional limitations. Further it is notable that Plaintiff does not point the court to evidence in the record to support the existence of ongoing work-related functional limitations. It is Plaintiff's duty on appeal to support arguments with references to the record and to tie relevant facts to legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden

of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

### *Res Judicata* Finding

Plaintiff had a previous application for benefits that was denied on May 16, 2012. In that decision Plaintiff was apparently limited to light exertional work with the option to alternate sitting and standing. The ALJ noted that the opinion evidence for the present application supported an RFC for light work with no other limitations. However, the ALJ stated the previous ALJ decision with an RFC for light work with a sit/stand option was *res judicata*, so the sit/stand option was included in the RFC for the current application. [R. 84]. Plaintiff argues that the ALJ erroneously applied *res judicata*.

Regardless of whether *res judicata* was, or was not, appropriately applied, the undersigned finds no reversible error in the ALJ's RFC finding which is more favorable to Plaintiff than the opinion evidence in the record might otherwise merit. Plaintiff could not possibly have been prejudiced by the more favorable RFC. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012). (finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

### Evaluation of Mental Impairments

There is no merit to Plaintiff's assertion that the ALJ failed to perform the psychiatric review technique (PRT) required by the Commissioner's regulations where there is evidence of mental impairments. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). The ALJ's decision unmistakably contains the required analysis. [R. 79-80].

**Credibility Evaluation**

Credibility determinations are the province of the ALJ as factfinder. The court will not upset such findings if they are supported by substantial evidence and if they are closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ is not required to make a formalistic factor-by-factor recitation of the evidence as long as the specific evidence relied on in evaluating credibility is set forth. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

The undersigned finds that the ALJ applied the correct legal standards, tied the credibility findings to the evidence, and that the findings are supported by substantial evidence. The ALJ noted Plaintiff's allegations were not supported by the objective medical evidence. Throughout the decision the ALJ noted the findings of normal strength, gait, and range of motion, observing that these findings did not support Plaintiff's allegations. [R. 82-83]. In addition, the ALJ noted Plaintiff's job history. [R. 82]. Plaintiff offers arguments against the factors cited by the ALJ in support of the credibility finding. The court views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

**Appeals Council Consideration of New Evidence**

Plaintiff submitted additional medical records to the Appeals Council, as permitted by the relevant regulations. 20 C.F.R. §§ 404.970(b), 416.1470(b). The Tenth Circuit has

summarized the relevant principles related to the consideration of evidence submitted to the Appeals Council. Under the regulations, the Appeals Council must consider evidence submitted with a request for review if the additional evidence is a) new, b) material, <u>and</u> c) related to the period on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004); 20 C.F.R. §§ 404.970(b), 416.1470(b). Whether evidence qualifies as new, material, and relevant to the time period is a question of law, subject to the court's de novo review. *Chambers,* 389 F.3d at 1142. If the evidence does not so qualify, it plays no further role in judicial review of the Commissioner's decision. *Id*. If the evidence does qualify and the Appeals Council considered it, the evidence becomes part of the record the court assesses in evaluating the Commissioner's denial of benefits under the substantial evidence standard. *Id.* If the evidence qualifies, but the Appeals Council did not consider it, the case should be remanded for further proceedings. *Id*. Plaintiff argues that the evidence she submitted qualified as new and material evidence and that it related to the time under consideration by the ALJ and that the Appeals Council improperly failed to consider the evidence.

The Appeals Council stated it considered the records submitted that were dated from January 10, 2014 through November 24, 2014, and found the information did not provide a basis for changing the ALJ's decision. Although this evidence was not before the ALJ, the Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the court to review the new evidence to

6

determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

The undersigned has reviewed the new evidence, [R. 790-804], and finds that even considering this evidence, the ALJ's decision is supported by substantial evidence. Some of the records are lab results. A November 11, 2014 emergency room record reveals that Plaintiff presented with complaints of chest pain that she reported started the previous night, she denied shortness of breath and nausea. [R. 790]. Normal back and musculosketetal range of motion was recorded. [R. 792]. Plaintiff was discharged to home with a diagnosis of pleurisy. [R. 793]. Records dated October 27, 2014 and November 24, 2014 document no complaints of chest pain, no shortness of breath, no trouble with urine or voiding, no neurologic complaints, and no new complaints in bones and muscles. No abnormalities were recorded on examination. [R. 796-797].

The Appeals Council also stated it looked at records dated from December 24, 2014 through May 18, 2015, but found those records, generated after the ALJ's December 16, 2014 decision do not affect the ALJ's decision about whether Plaintiff was disabled on or before December 16, 2014. [R. 2]. Plaintiff argues that this evidence qualifies as new, material, and chronologically pertinent to the time period before the ALJ's decision. Plaintiff asserts that the Appeals Council erred by failing to consider the evidence.

The undersigned has reviewed the records generated after the date of the ALJ's decision. [R. 11-65]. Nothing within these medical records suggests that they relate to the period under review by the ALJ. For instance, on December 24, 2014, Plaintiff presented with subjective complaints of panic attacks and anxiety, but the records contain no analysis of those complaints or any findings of any functional limitations. [R. 13-14]. On January

12, 2015, Plaintiff visited the emergency room complaining of leg and arm pain and an inability to walk that started 2 days earlier. [R. 18]. On February 20, 2015, Plaintiff complained of shooting pains in her arms. [R. 46]. There is no indication that those pains were longstanding complaints, and no such complaints are documented in subsequent records. Subsequent records document no complaints of chest pain, no shortness of breath, no trouble with urine or voiding, no neurologic complaints, and no new complaints in bones and muscles. No abnormalities were recorded on examination. [R. 42, 43, 45]. Plaintiff was evaluated for mental health treatment on January 23, 2015, but the mental status examination performed at the time recorded mostly normal results. [R. 34]. The undersigned finds that the medical evidence generated after the ALJ's decision does not qualify as new, material, and relevant to the time period under review. Accordingly, there is no basis for remanding the decision for consideration of that evidence.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before January 10, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 27th day of December, 2016.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9