IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANGELA M. HENSON,                      )
                                       )
        Plaintiff,              )  Case No. 16-CV-09-JED-FHM
v.                                     )
                                       )
NANCY A. BERRYHILL,[1]                 )
Acting Commissioner of the Social      )
Security Administration,               )
                                       )
        Defendant.              )

## OPINION AND ORDER

Before the Court is the Report & Recommendation (R&R) (Doc. 23) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff, Angela M. Henson, disability benefits. Judge McCarthy recommends that the Court affirm the Commissioner's decision finding plaintiff not disabled. Ms. Henson filed timely Objections to the R&R, and she requests that the Court reject the R&R and remand for further administrative proceedings. (Doc. 24). Reviewing the Objections de novo, the Court has considered the Administrative Record (Doc. 11) (Record), the parties' briefs, the R&R, and the plaintiff's Objections, and concludes that the Commissioner's determination should be affirmed and the R&R should be accepted.

**I.    Background**

In her August 2013 claims for disability benefits, plaintiff alleged a disability onset date of May 17, 2012, which was one day after a prior determination that she was not disabled. She was 33 at the time on alleged onset, she had worked as a nurse's aide, a car-hop at Sonic, and a machine

---

[1]    Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court Clerk is directed to substitute Nancy A. Berryhill as the defendant in this matter in place of former Commissioner Carolyn W. Colvin.

operator. She has a sixth grade education. She claims that she has been unable to work since May 17, 2012, due to lower back injury, depression, heart issues, "muscles cramp in middle back," transient ischemic attacks, and anxiety/panic attacks. (Record 94, 342). She had a mitral heart valve replacement on March 1, 2012. She also claims that, as a result of one of her medications, she must use the bathroom every 10-15 minutes for four to five hours after taking the medication. At the hearing, she further asserted that she suffers from tailbone pain.

Following an October 15, 2014 hearing before the Administrative Law Judge (ALJ), the ALJ rendered a decision dated December 16, 2014. (Record at 73-90). The ALJ determined that plaintiff has a severe impairment of valvular heart disease. (*Id.* at 78). However, the ALJ found that the plaintiff's other alleged impairments (anxiety, back and tailbone pain, depression and restroom problems due to side effects of medication) were non-severe because those conditions do not, singularly or in combination, result in any significant limitation in the plaintiff's ability to do basic work activities. (*Id.* at 78-79). The ALJ concluded that the plaintiff has the residual functional capacity (RFC) to perform light work, with the additional limitation that she requires the option to alternate sitting and standing every 30 minutes. (*Id.* at 80). Based on the testimony of a vocational expert, the ALJ determined that the plaintiff cannot perform her past work (*id.* at 84), but there are a significant number of jobs in the national economy that she could perform considering her age, education, work experience, and RFC. (*Id.* at 85). Each of the jobs referenced by the ALJ included jobs in the more restrictive sedentary exertional category, which included trimmer, stuffer, and assembler. (*Id.*). As a result, the ALJ determined at step five of the evaluation process that plaintiff is not disabled. (*Id.*).

The Appeals Council denied the plaintiff's request for review (*id.* at 1-4), and this appeal followed. As noted, Judge McCarthy recommends in his R&R that this Court affirm the decision of the Commissioner. Plaintiff's timely Objections (Doc. 24) are now before the Court.

## II.     Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Martinez v. Barnhart*, 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## III.    Discussion of the Objections

### A.     Objections to the ALJ's RFC Determination

Plaintiff asserts that the ALJ failed to explain the finding that some impairments were non-severe, omitted limitations supported by the record, failed to include the psychiatric review technique (PRT) in the decision, and erred in assessing plaintiff's credibility. The ALJ's written decision reflects otherwise. Throughout the decision, the ALJ explained that, while plaintiff

3

reported her subjective complaints of pain, there was a lack of objective medical evidence to support the existence of functional limitations upon plaintiff's ability to work as a result of those conditions which the ALJ found to be non-severe. (*See* Record 80-84).

There is substantial evidence supporting the ALJ's RFC determination, and it is clear from the decision that the ALJ considered all evidence bearing on the conditions found to be non-severe. While medical records reflect that plaintiff complained of shortness of breath, occasional chest pain, and occasional dizziness, those symptoms were not consistently reported or confirmed by objective medical data or testing. (*See, e.g.,* Record 417, 420, 423, 425, 443, 446, 449, 451, 460, 465-67, 476, 479, 482, 525-31, 533, 538, 543-46, 619, 662, 684, 687, 697, 715, 729-30, 737, 744, 748, 785, 787, 792-93). In considering the plaintiff's reports of back pain, the ALJ noted records reflecting the reports of pain and tenderness in the lumbar spine, but accurately recited from medical records that the plaintiff was able to sit comfortably without acute distress, her gait and station were normal, and her lower extremities were normal. (*See, e.g.,* Record at 82-83). The ALJ also considered other evidence of a herniated disk but noted the same records reflected that there was no nerve root compression, no specific signs of weakness, or difficulty with standing. (*Id.* at 83). The ALJ further noted that the physical examination by Dr. Hale in October, 2013 did not support the plaintiff's subjective complaints. (*Id.*).

With respect to her reports of breathing problems, plaintiff testified that the problem "comes and goes" and that the condition was improving. (*See id.* at 162). There is evidence that plaintiff reported breathing problems and shortness of breath at times (*see, e.g., id.* at 458), but there is substantial record evidence supporting the ALJ's determination that the problem was not severe and did not require a work-related functional limitation, as such complaints were not consistently raised.

Plaintiff further argues that Judge McCarthy failed to "address her claim that the ALJ failed to consider her ability to work on a 'regular and continuous' basis" pursuant to SSR 96-8p and *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). (Doc. 24 at 2). However, the ALJ specifically recognized the applicability of SSR 96-8p to the RFC determination, noting that the RFC is an ability to do work activities on a "sustained basis despite limitations from impairments," and required consideration of all impairments, severe and non-severe. (Record 76-77). The ALJ then explained her determinations with respect to the combination of impairments. (*See id.* at 79-82).

Plaintiff also "objects to the Magistrate Judge's failure to address her claim that the ALJ was required to consider her fatigue and the fact that the time required to undergo her weekly venipuncture would affect her ability to work full-time." (Doc. 24 at 2). Contrary to plaintiff's claim, the ALJ noted plaintiff's testimony that she lies down most of the time, lies on her side in a recliner, is unable to do laundry, cleaning, or cooking, and has to have her blood level checked every week, which causes her to urinate frequently. (Record 81). However, the ALJ also cited other testimony of plaintiff and concluded that her testimony was only "partially credible" based upon the ALJ's finding "that the totality of the objective medical evidence of record does not support such extreme physical limitations." (*Id.*). There is substantial evidence supporting the ALJ's determination, particularly given that the plaintiff did not consistently report fatigue. (*Compare* Record 491, 560, 586, 589, 714-15 *with* Record 458, 498, 521, 532).

Plaintiff's cursory argument regarding res judicata is difficult to decipher. (Doc. 24 at 3). In order to understand her arguments, the Court has examined the May 16, 2012 prior disability denial (*see* Record 231-242), the December 16, 2014 ALJ decision that is the subject of this appeal, and plaintiff's res judicata arguments from other briefing (*see* Doc. 14 at 7). The previous decision

5

on May 16, 2012 included an RFC limitation of less than the full range of light work, with lifting limitations and an option of alternating sitting and standing every 30 minutes. (*See* Record 238). Those prior limitations were noted by the ALJ in making the determination that is the subject of the instant appeal. (*Id.* at 84). The ALJ gave great weight to the RFC assessment by Dr. Baldwin, which limited plaintiff to light exertion with no additional limitations, and the RFC form completed by Dr. Saif, which also limited plaintiff to light exertion work with no other limitations. (*Id.*). The ALJ then noted the RFC limitations imposed by the prior May 16, 2012 ALJ decision and included those more restrictive RFC limitations in plaintiff's RFC as set forth in the December 16, 2014 decision. (*Id.*). The ALJ considered the prior RFC limitation to be res judicata. (*Id.*). Plaintiff does not explain how inclusion of *more restrictive* limitations than were found in the RFC assessments of Drs. Baldwin and Saif would result in error. (*Id.*). Contrary to the plaintiff's claim, the ALJ *did* evaluate her RFC for the period at issue in this appeal, from an alleged onset of disability date of May 17, 2012, and determined that the evidence supported a light restriction. The fact that the ALJ included *additional limitations* in the RFC in no way prejudiced the plaintiff or impacted the determination that she is not disabled.

Plaintiff argues that the ALJ did not properly utilize the regulatory procedure for evaluating mental impairments because the ALJ did not consider all mental limitations in assessing the RFC. (*See* Doc. 24 at 3). Contrary to plaintiff's argument, the ALJ properly evaluated the PRT criteria at steps two and three of the decision, which included a discussion of the four broad functional areas known as "paragraph B" criteria (*see* Record at 79-80), and also applied it in the RFC assessment. The ALJ specifically applied SSR 96-8p and noted its application to the RFC assessment, stating that "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (*Id.* at 80). This is entirely

6

consistent with SSR 96-8p and 20 C.F.R. § 404.1520a. Then, in step 4, the ALJ gave great weight to the opinion of Dr. Caughell, in which the doctor indicated that the plaintiff's mental condition did not impose more than minimal limitation. (*Id* at 84). The ALJ also gave great weight to the PRT completed by Dr. Dees on January 14, 2014. (*Id.*; *see also id.* at 209-210). The Court agrees with Judge McCarthy's conclusion that plaintiff's PRT arguments are without merit. (*See* Doc. 23 at 4).

### B. Credibility

Again arguing in a cursory fashion, plaintiff asserts that the Magistrate Judge failed to properly address the ALJ's credibility determinations. However, Judge McCarthy did consider the arguments regarding credibility and considered the ALJ's explanation of the credibility determinations. (Doc. 23 at 5). "Credibility determinations are peculiarly the province of the finder of fact" and will not be upset where they are supported by and "closely and affirmatively linked to" substantial evidence. *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (citation omitted). The ALJ must look beyond objective medical evidence in evaluating claims of disabling pain, *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987), and must give reasons for his findings, which must be closely linked to substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995). However, an ALJ need not provide a "formalistic factor-by-factor review of the evidence," and only has to "set forth the specific evidence he relies on in evaluating the claimant's credibility." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Common sense guides the review of an ALJ's credibility determination, and technical perfection is not required. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012).

The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [plaintiff's claimed] symptoms are not entirely credible for the reasons

explained in this decision." (Record 81). Immediately thereafter, the ALJ summarized the plaintiff's hearing testimony and noted that the testimony was only "partially credible" because the "totality of the objective medical evidence of record does not support such extreme physical limitations" as were claimed by plaintiff. (*Id*.). The ALJ then summarized the medical record (*id.* at 82-83) and opinion evidence to which the ALJ gave great weight (*id.* at 84). Upon review of the ALJ's decision, the medical record, opinion evidence, and plaintiff's testimony, the Court agrees with Judge McCarthy that the ALJ's credibility determinations were supported by and linked to substantial evidence.

      C.      **Appeals Council's Consideration of New Evidence**

Although plaintiff objects to Judge McCarthy's consideration of plaintiff's arguments regarding the additional evidence that plaintiff provided to the Appeals Council, the plaintiff has provided little analysis and has identified no legal authority supporting her arguments. (*See* Doc. 24 at 4-5). Upon consideration of the additional evidence cited by plaintiff, the Court agrees with Judge McCarthy's thorough analysis of the issue at pp. 5-8 of the R&R. (Doc. 23 at 5-8). Plaintiff's Objections do not persuade the Court that the Appeals Council erred in its consideration or rejection of various records.

**IV.**      **Conclusion**

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and the decision is supported by substantial record evidence, and agreeing with Judge McCarthy's R&R, the Court overrules plaintiff's Objections (Doc. 24). Accordingly, the Court **accepts** the R&R (Doc. 23) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed. Accordingly, the Commissioner's decision is **affirmed**.

A separate Judgment will be entered forthwith.

DATED this 30th day of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE